IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GLENDA HOWARD, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 1:12-CV-006-BL | |
| § | ECF | |
| § | | |
| CAROLYN W. COLVIN,[1] § | | |
| Acting Commissioner of Social Security, § | | |
| § | | |
| Defendant. § | Assigned to U.S. Magistrate Judge | |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed January 21, 2012, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of her complaint on May 19, 2012 (Doc. 22). Defendant filed a brief on June 20, 2012 (Doc. 23). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on January 21, 2012 (Doc. 5), and February 2, 2012 (Doc. 11). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

### I. STATEMENT OF THE CASE

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

Plaintiff filed an application for disability insurance benefits on July 2, 2009, alleging disability beginning March 17, 2007. Tr. 119-20. Plaintiff amended her alleged onset date to December 10, 2009. Tr. 12-13, 29. Plaintiff's application was denied initially and upon reconsideration. Tr. 59-63, 70-73. Plaintiff filed a Request for Hearing by Administrative Law Judge on March 2, 2010, and this case came for hearing before the Administrative Law Judge ("ALJ") on November 17, 2010. Tr. 74-75, 25-56. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 25-52. A vocational expert ("VE"), appeared and provided expert testimony. 52-55. The ALJ issued a decision unfavorable to Plaintiff on January 26, 2011. Tr. 9-24.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. The ALJ declined to reopen any prior applications. Tr. 12. He found that Plaintiff had not engaged in substantial gainful activity at any time since December 10, 2009. Tr. 13. The ALJ found that Plaintiff has "severe" impairments, including a Chiari I malformation and degenerative disc disease of the spine, obesity, depression, and anxiety. Tr. 13. The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 13, 15. The ALJ specifically noted that Plaintiff's Chiari I malformation and degenerative disc diseases were not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight leg raising tests in both sitting and supine positions, as required by Section 1.04A of the Listings. Tr. 16. The ALJ found that Plaintiff did not meet the requirements of lumbar spinal stenosis resulting in pseudoclaudification under Section 1.04C. *Id.* The ALJ addressed Plaintiff's mental impairments of depression and anxiety, finding that they have caused no sustained limitations in her daily

activities; no more than mild sustained limitations in her social function; no more than moderate limitations in her concentration, persistence, and pace; and no episodes of decompensation of extended duration, as required by Sections 12.04 and 12.06 of the Listings. *Id*. The ALJ also found that Plaintiff had impairments which were not "severe" within the meaning of the Act, including hypertension, carpal tunnel syndrome, chronic obstructive pulmonary disease, and complaints of headaches. Tr. 15.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein. Tr. 13-18. The ALJ discussed Plaintiff's reports of her medical treatment and her activities of daily living. *Id*.

The ALJ found that Plaintiff has underlying medically determinable impairments which could reasonably cause some of the symptoms alleged. Tr. 16. The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible, insofar as Plaintiff's allegations were greatly exaggerated. Tr. 17-18.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work, with the freedom to alternate between sitting and standing hourly; occasional stooping, crouching, and crawling; limited to detailed, but

not complex, work instructions, with the ability to pay attention and concentrate for extended periods; with the ability to accept instruction and respond appropriately to changes in the work routine; and having ready access to a bathroom. Tr. 18. The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform Plaintiff's past relevant work as a receptionist and general clerk, both as she performed these jobs, and as they are generally performed in the national economy. Tr. 19. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 20.

Plaintiff submitted a Request for Review of Hearing Decision/Order on March 3, 2011. Tr. 117-18. The Appeals Council denied Plaintiff's request and issued its opinion on May 24, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 5-10. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 6, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309

F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 20.

### III.  DISCUSSION

Plaintiff claims that the ALJ erred by failing to find that his impairments were equal in severity to section 1.04 of the Listing of Impairments. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

In order to obtain a determination of disabled under the Listing of Impairments, an applicant must show that his impairments meet or equal one of the listings in Appendix 1 of 20 C.F.R. Part 404. The ALJ determines at step 3 of the 5-step sequential analysis whether a claimant's severe

impairments meet or equal one or more of the Listings. At step 3 the burden of proof rests with a claimant. Ultimately, the claimant has the burden of proving that her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). That burden is to provide and identify medical signs and laboratory findings that support *all* criteria for a step 3 impairment determination. *McCuller v. Barnhart,* 72 Fed.Appx. 155, 158 (5th Cir. 2003); *Selders,* 914 F.2d at 619; 20 C.F.R. § 404.1526(a). If a claimant fails to provide and identify medical signs and laboratory findings that support all criteria of a Listing, the court must conclude that substantial evidence supports the ALJ's finding that the required impairments for any Listing are not present. *Selders,* 914 F.2d at 620. To meet a listed impairment, the claimant's medical findings (i.e., symptoms, signs, and laboratory findings) must match those described in the listing for that impairment. 20 C.F.R. §§ 404.1525(d), 404.1528; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff argues that the evidence of record demonstrates that her impairments are equal in severity to section 1.04 of the Listing of Impairments. To meet the listing under § 1.04, the Plaintiff must show that she has:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

*See* 20 C.F.R. Part 4, Subpt. P, App. 1, § 1.04.

The ALJ found that although Plaintiff's severe impairments include a Chiari I malformation and degenerative disc disease of the spine, he found that these disorders are not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine; motor loss accompanied by sensory or reflex loss, and a positive straight leg raising test. Tr. 15-16.

Plaintiff argues that the MRI results from April 25, 2001 showed disc protrusions slightly distorting the spinal cord. However, these results predate Plaintiff's alleged onset date as well as her cessation of performing work activity. The ALJ specifically declined to reopen Plaintiff's prior applications.

Plaintiff testified that she experiences back pain which radiates into her hip and legs. Tr. 37. The ALJ found that Plaintiff's testimony exaggerated her symptoms and the limitations imposed therein. Dr. Daggubati, the consultative medical examiner, did opine that Plaintiff had probable S1 radiculopathy on the left side. Tr. 260. However, Dr. Daggubatti also noted that Plaintiff showed no focal neurological deficit clinically, with normal deep tendon reflexes and Babinski sign. Tr. 259. He indicated that Plaintiff "has a limping gait because of the back pain," but nevertheless found that Plaintiff "has good strength in the upper and lower extremities." Tr. 260. Upon examination, Plaintiff exhibited mild low back tenderness with 70 degrees of forward bending and full lateral bending. Tr. 259. Dr. Daggubati also noted that the straight leg raising testing was 55 degrees on the left and 60 degrees on the right. *Id*.

Although Plaintiff argues that she has produced medical evidence demonstrating all the criteria of Section 1.04A of the Listing of Impairments, the very evidence she points to fails to demonstrate nerve impingement, motor loss accompanied by sensory or reflex loss, or positive straight leg raising tests *both* sitting and supine, as required by the Listing.

At step 3, the claimant bears the burden of pointing to medical evidence to support each of the criteria of a pertinent section of the Listing of Impairments. Plaintiff has failed to identify medical evidence as required to carry her burden. The ALJ has supported his step 3 finding with substantial evidence.

Moreover, the ALJ relied upon the testimony of the vocational expert to support his step 4 finding that Plaintiff could perform her past relevant work. Plaintiff has failed to come forward with evidence to demonstrate that she cannot perform such work.

The court finds that the ALJ did not err at either step 3 or step 4 of the sequential evaluation process and his opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed January 21, 2012 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 26th day of February, 2013.

                                                    _____
                                                    **E. SCOTT FROST**
                                                    **UNITED STATES MAGISTRATE JUDGE**